UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
OCT - 6 2010
CLERK'S ... COURT

WILLIAM JOHNSON,
*for himself and on behalf of all
similarly situated individuals*,

Plaintiff,

v.                                              Civil Action No. 3:10CV719
                                                JURY TRIAL DEMANDED

QUICKEN LOANS, INC.

SERVE:   CT Corporation System, Registered Agent
         4701 Cox Road, Suite 301
         Glen Allen, VA 23060

Defendant.

## CLASS ACTION COMPLAINT

NOW COMES the Plaintiff, **WILLIAM JOHNSON**, by counsel, and for his Complaint against the Defendant, **QUICKEN LOANS, INC.**, he alleges as follows:

### Introduction

1. This is a class action complaint prosecuted for the Defendant's systematic violations of the Federal Equal Credit Opportunity Act (ECOA), 15 U.S.C. §1691, *et seq.*, and the Virginia Equal Credit Opportunity Act (VECOA), Code of Virginia §59.1-21.19, *et seq.* The Defendant is a "creditor" that accepts and processes consumer credit applications and participates in adverse actions against consumers. Despite this role, the Defendant does not send consumers lawful notices of adverse action as required under the ECOA and the VECOA.

### Jurisdiction

2. This complaint is filed for violations of the Federal Equal Credit Opportunity Act, 15

U.S.C. §1691 *et seq.*, and the Virginia Equal Credit Opportunity Act, Code of Virginia §59.1-21.19, *et seq.* This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1332(d), 1367 and 15 U.S.C. §1691e.

## Parties

3. The Plaintiff to this lawsuit, **WILLIAM JOHNSON**, is a "consumer" as defined by 15 U.S.C. §1681a(c) and a "person" as defined by Code of Virginia §59.1-21.19. **WILLIAM JOHNSON** is an "applicant" for the purposes of the ECOA and the VECOA.

4. Upon information and belief, **QUICKEN LOANS, INC.** (hereinafter referred to as "*QUICKEN*") is a corporation authorized to do business in the State of Virginia through its registered agent's office located in Glenn Allen, Virginia and *QUICKEN* is a "creditor" for purposes of the ECOA and the VECOA.

## FACTS

5. On or about October 14, 2009, the Plaintiff completed his application for a loan.

6. The Plaintiff's application was not approved. When this credit decision was rendered upon the Plaintiff's application, it constituted an adverse action.

7. The adverse action notice that *QUICKEN* provided to the Plaintiff upon the October 14, 2009 application is attached hereto as Exhibit "A". (hereafter, "The Adverse Action Notice").

8. The Adverse Action Notice failed to adequately and lawfully inform the Plaintiff of the basis or statement of reasons for *QUICKEN*'s adverse action. Instead, it stated only: "Other-Product/Program not available" as a statement of reasons, a description nearly identical to language expressly prohibited in the ECOA's interpretive regulations.

2

9. Upon information and belief, the Plaintiff alleges that the Defendant does not have in place procedures necessary to avoid the violations of the ECOA and VECOA as alleged in this complaint.

### FIRST CLAIM FOR RELIEF
### FEDERAL EQUAL CREDIT OPPORTUNITY ACT
### 15 U.S.C. §1691(d)
### ("the ECOA Class Claim")

10. Plaintiff realleges and incorporates paragraphs 1 through 9 above as if fully set out herein.

11. The Defendant willfully and intentionally violated the ECOA, 15 U.S.C. § 1691(d) by taking an adverse action against the Plaintiff's application for credit without providing the Plaintiff with a proper written statement of the reasons for such action.

12. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this claim for himself and on behalf of a class ("the ECOA class") of similarly situated individuals initially defined as follows:

> All natural persons who applied for credit to the Defendant within the preceding two years to whom the Defendant did not offer credit on substantially the same terms as requested, or at all, and to whom the Defendant provided no ECOA adverse action notice or an ECOA adverse action notice with the statement "Other-Product/Program not available" as a statement of reasons.
>
> Excluded from the class definition are any employees, officers, directors of *QUICKEN,* any legal representatives, heirs, successors, and assignees of *QUICKN*, and any judge assigned to hear this action.

13. **Numerosity,** Fed. R. Civ. P 23(a)(1) Upon information and belief, the Plaintiff alleges that the class members are so numerous that joinder of all is impractical. The names and addresses of the class members are identifiable through the internal business records

3

maintained by the Defendant and the class members may be notified of the pendency of this action by published and/or mailed notice. The Fourth Circuit has held that classes consisting of as few as 18 members will satisfy the numerosity requirement in some cases, and generally, 40 members will nearly always satisfy the numerosity requirement.

14. **Predominance of Common Questions of Law and Fact** Fed. R. Civ. P. 23(a)(2) Common questions of law and fact exist as to all members of the putative class. These questions predominate over the questions affecting only individual members.

15. **Typicality** Fed. R. Civ. P. 23(a)(3) Plaintiff's claims are typical of the claims of each putative class member. Plaintiff is entitled to relief under the same causes of action as the other members of the putative class.

16. **Adequacy of Representation** Fed. R. Civ. P. 23(a)(4) Plaintiff is an adequate representative of the putative class because: his interests coincide with, and are not antagonistic to, the interests of the members of the putative class he seeks to represent; he has retained counsel competent and experienced in such litigation; and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the putative class.

17. **Superiority** Fed. R. Civ. P. 23(b)(3) Questions of law and fact common to the putative class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages suffered by each member are such that individual prosecution would prove burdensome and expensive given the number of individuals affected by the Defendant's actions. Even if the members of the class themselves could individually

afford such litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

18. **Injunctive and Declaratory Relief Appropriate for the Class Fed. R. Civ. P. 23(b)(2)** Class certification is appropriate, because the Defendant has acted on grounds generally applicable to the class, making appropriate equitable declaratory and injunctive relief with respect to Plaintiff and the putative class members.

19. Based on the Defendant's failure to provide a notice appropriate under ECOA to members of the putative class and for its failure to identify the reasons for denial of credit to the members of the putative class, the Plaintiff and the putative class members are entitled to declaratory and injunctive relief pursuant to Rule 23(b)(2) requiring (a.) that the Defendant provide an appropriate notice with the reason for denial of credit to the Plaintiff and the putative class members; (b.) that the Defendant be ordered to comply with the ECOA notice provisions in all future similar transactions; and (c.) a declaration that the Defendant did violate the ECOA for each class member.

**VIRGINIA EQUAL CREDIT OPPORTUNITY ACT**
**Code of Virginia §59.1-21.21:1(D)**
**("the VECOA Class Claim")**

20. Plaintiff realleges and incorporates paragraphs 1 through 19 above as if fully set out herein.

21. The Defendant willfully and intentionally violated the VECOA, Code of Virginia §59.1-

21.21:1(D) by taking an adverse action against the Plaintiff's application for credit without providing the Plaintiff with a proper written statement of the reasons for such action.

22. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this claim for himself and on behalf of a subclass within the putative ECOA class ("the VECOA class") of similarly situated individuals initially defined as follows:

> All natural persons who applied for credit to the Defendant within the preceding two years and who at that time had their mailing address within the Commonwealth of Virginia and to whom the Defendant did not offer credit on substantially the same terms as requested, or at all, and to whom the Defendant provided no VECOA adverse action notice or a VECOA adverse action notice with the exact or approximate statement "Other-Product/Program not available.
>
> Excluded from the class definition are any employees, officers, directors of *QUICKEN*, any legal representatives, heirs, successors, and assignees of *QUICKEN*, and any judge assigned to hear this action.

23. **Numerosity, Fed. R. Civ. P 23(a)(1)** Upon information and belief, the Plaintiff alleges that the class members are so numerous that joinder of all is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by the Defendant and the class members may be notified of the pendency of this action by published and/or mailed notice. The Fourth Circuit has held that classes consisting of as few as 18 members will satisfy the numerosity requirement in some cases, and generally, 40 members will nearly always satisfy the numerosity requirement.

24. **Predominance of Common Questions of Law and Fact Fed. R. Civ. P. 23(a)(2)** Common questions of law and fact exist as to all members of the putative class. These questions predominate over the questions affecting only individual members.

25. **Typicality Fed. R. Civ. P. 23(a)(3)** Plaintiff's claims are typical of the claims of each

6

putative class member. Plaintiff is entitled to relief under the same causes of action as the other members of the putative class.

26. **Adequacy of Representation** Fed. R. Civ. P. 23(a)(4) Plaintiff is an adequate representative of the putative class because: his interests coincide with, and are not antagonistic to, the interests of the members of the putative class he seeks to represent; he has retained counsel competent and experienced in such litigation; and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the putative class.

27. **Superiority** Fed. R. Civ. P. 23(b)(3) Questions of law and fact common to the putative class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages suffered by each member are such that individual prosecution would prove burdensome and expensive given the number of individuals affected by Defendant's actions. Even if the members of the class themselves could individually afford such litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

28. **Fed. R. Civ. P. 23(b)(3).** Based on the Defendant's failure to provide a notice appropriate under VECOA to members of the putative class and for its failure to identify the reasons for denial of credit to the members of the putative class, the Defendant is

liable to the Plaintiff and each of the putative class members for statutory punitive damages of $10,000.00 per class member and attorneys' fees and costs.

WHEREFORE, your Plaintiff moves for judgment for himself and on behalf of the defined class against the Defendant for actual and punitive damages, attorneys' fees and costs, injunctive and declaratory relief, and such other specific or general relief the Court does find just and appropriate.

**TRIAL BY JURY IS DEMANDED**

By /s/
*Of Counsel*

LEONARD A. BENNETT, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
(Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 facsimile

*Counsel for Plaintiff*

8