**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| WILLIAM JOHNSON, | : |
| | : |
| | : CASE NO. 3:10-CV-00719-HEH |
| PLAINTIFF, | : |
| | : |
| v. | : District Judge Henry E. Hudson |
| | : |
| QUICKEN LOANS, INC., | : |
| | : |
| DEFENDANT. | : |

**DEFENDANT QUICKEN LOANS, INC.'S MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Quicken Loans, Inc. ("Quicken Loans"), respectfully moves this Court for an order dismissing, with prejudice, the complaint of Plaintiff William Johnson ("Johnson") on the following grounds:

1. Johnson has not alleged that Quicken Loans engaged in discriminatory conduct, *i.e.*, conduct of the type that the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 *et seq.* ("ECOA"), and the Virginia Equal Credit Opportunity Act, Va. Code §§ 6.2-500 *et seq.* ("VECOA"), were intended to prevent. *See Wright v. SunTrust Bank*, No. 08-568, 2008 WL 3106884, at *3 (E.D. Va. Aug. 4, 2008) ("To state an ECOA claim, a plaintiff *must plead a prohibited reason* for denying a credit application." (emphasis added)).

2. Quicken Loans had no obligation to provide Johnson notification of the basis for its actions because Plaintiff has not plausibly alleged that Quicken Loans took "adverse action" or even received a "completed application" as those terms are defined by the ECOA's implementing regulations, codified at 12 C.F.R. §§ 202.2(c) and (f) ("Regulation B"). *See Jefferson v. Briner Inc.*, No. 05-652, 2006 WL 1720692, at *5-7 (E.D. Va. June 21, 2006) (rejecting an ECOA claim for lack of completed application); *Taylor v. Nelson*, No. 02-

- 2 -

6558, 2006 WL 266052, at *7 (E.D. Pa. Jan. 31, 2006) (rejecting an ECOA claim for lack of adverse action); *cf.* 10 Va. Admin. Code § 5-180-10 (adopting Regulation B for purposes of the VECOA).

3. Johnson failed to comply with VECOA's election of remedies requirement. Va. Code § 6.2-512 ("Where the same act or omission constitutes a violation of this chapter and of applicable federal law, a person aggrieved by such conduct may bring a legal action to recover monetary damages either under this chapter or under federal law, *but not both*." (emphasis added)).

For the foregoing reasons, as set forth more fully in the accompanying Memorandum of Law, Quicken Loans prays that its Motion to Dismiss the complaint with prejudice be granted.

Dated: November 5, 2010

Respectfully submitted,

 /s/ Joseph W. Clark
Joseph W. Clark (Va. Bar No. 42664)

JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001
Telephone:  (202) 879-3939
Facsimile:   (202) 626-1700
jwclark@jonesday.com

*Counsel for Defendant Quicken Loans, Inc.*

# **CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2010, I filed the foregoing MOTION TO DISMISS with the Clerk of Court using the CM/ECF System, which will send notice to opposing counsel. In addition, a copy of the foregoing MOTION TO DISMISS has been served by electronic mail and by UPS next day mail upon:

**Leonard A. Bennett**
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard
Suite 201
Newport News, VA 23606
757-930-3660
lenbennett@clalegal.com

*Attorney for Plaintiff William Johnson*


/s/     Joseph W. Clark