**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| WILLIAM JOHNSON, | : |
| | : |
| | : CASE NO. 3:10-CV-00719-HEH |
| PLAINTIFF, | : |
| | : |
| v. | : District Judge Henry E. Hudson |
| | : |
| QUICKEN LOANS, INC., | : |
| | : |
| DEFENDANT. | : |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT QUICKEN LOANS, INC.'S MOTION TO DISMISS**

Plaintiff William Johnson ("Johnson") asserts that Defendant Quicken Loans, Inc. ("Quicken Loans"), violated a statutory requirement to notify Johnson of the reasons for Quicken Loans's denial of his credit application. But Johnson alleges no facts to suggest that the statute applies, that his application was completed, or that Quicken Loans's response actually triggered the notification requirement. Moreover, Johnson has failed to elect his remedies under Virginia's statutory scheme. For these reasons, Johnson has failed to state a claim and his complaint must be dismissed.

The Supreme Court recently held that "Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Johnson's complaint does not offer even that much. Johnson's complaint fails to allege that Quicken Loans caused Johnson *any* harm. Further, the complaint fails to allege that Quicken Loans acted with discriminatory motive. In short, the Equal Credit Opportunity Act, 15 U.S.C.

§§ 1691 *et seq.* ("ECOA"), and its state-law counterpart,[1] both enacted to prevent discrimination in lending, do not apply to Quicken Loans's non-discriminatory and non-harmful conduct. *See Wright v. SunTrust Bank*, No. 08-568, 2008 WL 3106884, at *3 (E.D. Va. Aug. 4, 2008). Accordingly, Johnson's Complaint must be dismissed.

Dismissal is also warranted for several additional reasons. Quicken Loans had to notify Johnson of the basis for its decision only if it took "adverse action" on a "completed application." 15 U.S.C. § 1691(d); 12 C.F.R. § 202.9. Even considering all the allegations and reasonable inferences in Johnson's favor, he still has not alleged either prerequisite. Indeed, Quicken Loans's letter to Johnson, which Plaintiff incorporated into his complaint, proves that Johnson cannot demonstrate adverse action. The letter establishes that no "Product/Program" was "available," *i.e.*, Quicken Loans "does not offer the type of credit or credit plan requested." 12 C.F.R. § 202.2(c)(2)(v); *Taylor v. Nelson*, No. 02-6558, 2006 WL 266052, at *7 (E.D. Pa. Jan. 31, 2006). As for the application, Johnson has not pled that he provided Quicken Loans the information regularly obtained when evaluating credit applications. This pleading defect is fatal to his claim, 12 C.F.R. § 202.2(f); *Jefferson v. Briner Inc.*, No. 05-652, 2006 WL 1720692, at *5-7 (E.D. Va. June 21, 2006), but Johnson's failure is understandable: The dearth of information in Quicken Loans's files, which are judicially noticeable as integral to the complaint, demonstrates that no credit application was completed.

---

[1] Johnson has pled claims under the Virginia Equal Credit Opportunity Act, Va. Code §§ 6.2-500 *et seq.* ("VECOA"), in addition to the ECOA. Because the substantive standards of both the VECOA and ECOA are the same, this Memorandum will only distinguish between the two when necessary. Unless so noted, the discussion of the ECOA in this Memorandum applies equally to the VECOA. *See generally Diaz v. Va. Housing Dev. Auth.*, 117 F. Supp. 2d 500, 506 n. 12 (E.D. Va. 2000).

Finally, Johnson has affirmatively failed to comply with his duty to elect his remedies under the statutory scheme.  Va. Code § 6.2-512.  For all of these reasons, as set forth more fully below, Quicken Loans prays that its Motion to Dismiss be granted.

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible."  *Iqbal*, 129 S. Ct. at 1949.  Plausibility "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, although "detailed factual allegations" are not required, a complaint containing facts that are merely consistent with a defendant's liability stops short of the line between possibility and plausibility.  *Id.* at 555, 557.

This analysis is context specific and requires the "reviewing court to draw on its judicial experience and common sense."  *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).  The *Giacomelli* Court also stressed that "'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint."  *Id.* (citing *Twombly*, 550 U.S. at 557).  Moreover, although a court must assume the allegations of the complaint are true, it is not "bound to accept . . . conclusory allegations regarding the legal effect of the facts alleged."  *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995).  Likewise, a court need not credit "unwarranted deductions of fact," "unreasonable inferences," or "allegations that contradict matters properly subject to judicial notice or exhibit."  *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002).  Generalized allegations based on information and belief unsupported by any specific facts therefore do not suffice.  *See, e.g.*, *Harman v. Unisys Corp.*, 356 F. App'x. 638, 640-41 (4th Cir. 2009).

Simply stated, the complaint's factual allegations must have "facial plausibility . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Twombly*, 550 U.S. at 555. "Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

## ARGUMENT

Under this standard, Johnson's complaint offers two facts: (1) that Johnson completed a loan application, and (2) that Quicken Loans notified Johnson that it did not approve the application on the basis that "Product/Program not available." (Compl. ¶¶ 5-8.) The remainder of the Complaint's sparse allegations[2] are the type of legal conclusions or wholly unsupported allegations that this Court is not bound to accept under *Twombly* and *Iqbal*. Moreover, the complaint contains *no* allegations, whether conclusory or otherwise, regarding the content of Johnson's application, what harm Johnson suffered, or even that Quicken Loans acted in a discriminatory manner.

As discussed further below, the complaint's allegations are entirely insufficient to state a claim for violation of the ECOA or its state-law counterpart for at least three reasons:

1. The ECOA does not apply to Quicken Loans's non-discriminatory and non-harmful conduct (5-6);

2. The ECOA's notification requirement was not triggered because, under the facts alleged, Quicken Loans did not take adverse action or even receive a completed application (7-10);

3. Johnson did not comply with the legal requirement to elect his remedies under the VECOA (10).

---

[2] *I.e.*, that the non-approval of Johnson's application constituted an adverse action (Compl. ¶ 6), that Quicken Loans's description "failed to . . . lawfully inform the Plaintiff of the basis" for the adverse action (Compl. ¶ 8), and that Quicken Loans lacks safeguards to prevent ECOA violations (Compl. ¶ 9).

Thus, even when viewed in the light most favorable to Johnson, the complaint fails to state a claim under the ECOA and should be dismissed.

      **A.**    **The ECOA Does Not Apply to Quicken Loans's Non-Discriminatory and Non-Harmful Actions.**

As suggested by its title, the Equal Credit Opportunity Act's purpose is to eradicate discrimination in credit transactions. Congress made this purpose explicit when passing the ECOA in 1974: "It is the purpose of this Act to require that financial institutions and other firms engaged in the extension of credit make that credit equally available to all credit-worthy customers without regard to sex or marital status." Pub. L. No. 93-495, § 502, 88 Stat. 1500, 1521 (1974); *see also W. Capital Partners, LLC v. Brookhollow, LLC*, No. 06-590, 2007 WL 1202851, at *4 (E.D. Va. Apr. 19, 2007). Two years later, Congress expanded the protections of the ECOA by prohibiting additional forms of discrimination and added the notification requirement at issue here. Pub. L. No. 94-239, § 2, 90 Stat. 251, 251-52 (1976).

That the notification requirement was added by the same statutory section that expanded the protections of the ECOA is telling. The "notice requirement serves as a necessary *adjunct* to the anti-discrimination purpose of the legislation, for only if creditors know that they must explain their decisions will they effectively be discouraged from discriminatory practices." *Diaz v. Va. Housing Dev. Auth.*, 117 F. Supp. 2d 500, 504 (E.D. Va. 2000) (emphasis added and quotation marks omitted). As an "adjunct," the notice requirement is "subordinate" to the anti-discrimination provisions which embody the explicit purpose behind the ECOA. *Black's Law Dictionary* (9th ed. 2009).

Simply stated, pleading discrimination is necessary to state any ECOA claim, including a claim under the ECOA's notification provisions. "To state an ECOA claim, a plaintiff *must plead a prohibited reason* for denying a credit application." *Wright v. SunTrust Bank*, No. 08-

568, 2008 WL 3106884, at *3 (E.D. Va. Aug. 4, 2008) (emphasis added) (Cacheris, J.) (citing *Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1025 (N.D. Cal. 2006) and *Hanlin v. Ohio Builders and Remodelers, Inc.*, 196 F. Supp. 2d 572, 580 (S.D. Ohio 2001)); *see also, e.g.*, *Midkiff v. Adams County Regional Water Dist.*, 409 F.3d 758, 772 (affirming denial of leave to amend complaint to add, inter alia, an ECOA notification claim because "Mrs. Midkiff cannot allege that she and her husband were denied credit because of her marital status or gender and thus cannot make out a prima facie case"); *Dixon v. Countrywide Home Loans, Inc.*, 710 F. Supp. 2d 1325, 1329 (S.D. Fla. 2010) ("Finally, the ECOA claim is subject to dismissal with prejudice as Plaintiff has not alleged any discrimination . . . .").[3]

Considering the facts in the light most favorable to the Plaintiff, Johnson has not pled discrimination or any other prohibited reason for denying his alleged credit application. In fact, his class allegations affirmatively *deny* that any discrimination took place. Otherwise, he could not purport to state claims on behalf of "all natural persons," without regard to their membership in any protected class. (Compl. ¶¶ 12, 22.) Thus, under this Court's precedent in *Wright*, Johnson has not stated a claim under the ECOA, and his complaint must be dismissed.

---

[3] Quicken Loans recognizes that this Court, and others, have not spoken with one voice regarding whether pleading discrimination is necessary to state a claim for violation of ECOA's notification provisions. *See, e.g.*, *Jefferson v. Briner Inc.*, No. 05-652, 2006 WL 1720692, at *4 n.3 (E.D. Va. June 21, 2006) (Dohnal, M.J.) (citing *Treadway v. Gateway Chevrolet Oldsmobile Inc.*, 362 F.3d 971, 979-80 (7th Cir. 2004)).

For the reasons above, however, Quicken Loans submits that *Wright*, *Arikat*, *Hanlin*, *Midkiff*, and *Dixon*'s reading of the ECOA is more consistent with the statute's purpose, structure, and enactment history. If Congress had wanted to create a fully independent notification requirement, it could have done so outside of the ECOA. The decisions concluding otherwise tend to rely on legislative history, which "suffers the usual infirmity, that it was not passed by both houses of Congress and signed into law by the President. For that reason, it is not the law." *Puerta v. United States*, 121 F.3d 1338, 1344 (9th Cir. 1997).

**B.     Quicken Loans Had No Duty To Provide Johnson Notification of Its Reasons.**

Even if the ECOA applied in the absence of discrimination, dismissal is still appropriate. The notification requirement only applies if Quicken Loans took "adverse action" on a "completed application."  15 U.S.C. § 1691(d); 12 C.F.R. § 202.9.  Johnson has not plausibly alleged either prerequisite, and the complaint and judicially noticeable facts establish that neither could be met.

**1.     Quicken Loans Did Not Take Adverse Action.**

As Johnson's complaint alleges, Quicken Loans's notification stated that it denied Johnson's application because the requested "Product/Program [was] not available."  (Compl. ¶ 8.)  Contrary to Johnson's legal conclusion, however, this notification did not "constitute[] adverse action."  (Compl. ¶ 6.)  "[A] denial of credit is not always an 'adverse action' under ECOA and the regulations; accordingly, not every denial of credit requires written notification." *Diaz*, 117 F. Supp. 2d at 506.  Thus, the complaint should be dismissed because the facts, as alleged, fail to provide any context for the notification and so do not plausibly suggest adverse action.

Johnson's complaint avers that the language of Quicken Loans's notification is "nearly identical to language expressly prohibited in the ECOA's interpretative regulations."  (Compl ¶ 8.)  But it is well-established that this Court need not credit such legal conclusions, and for good reason: Johnson's allegation "contradict[s] matters properly subject to judicial notice," *i.e.*, the regulations themselves.  *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002).  Regulation B only requires specific notification of reasons connected to adverse actions, 12 C.F.R. § 202.9(a)(2), and "a refusal to extend credit because the creditor does not offer the type of credit or credit plan requested" is specifically exempted from the definition of adverse action.  12 C.F.R. § 202.2(c)(2)(v).  Accepting Quicken Loans's notification as true, as the Court must

because it was incorporated into the complaint (¶ 7), Quicken Loans did not have an available product or program to meet Johnson's needs.  Thus, Quicken Loans did not take adverse action and did not have to provide Johnson with specific notifications of the reasons for its denial.

The court's analysis in *Taylor v. Nelson*, No. 02-6558, 2006 WL 266052 (E.D. Pa. Jan. 31, 2006), is instructive.  There, as here, the defendant "did not offer" the type of credit requested by the plaintiff.  *Id.* at *6-7.  Because of this fact, the Eastern District of Pennsylvania held that the ECOA notification claim "must fail as a matter of law." *Id.* at *7.  The result should be the same here.  The complaint affirmatively alleges that Quicken Loans denied Johnson's application because it had no program available; therefore, Quicken Loans necessarily did not take adverse action.  12 C.F.R. § 202.2(c)(2)(v).  Johnson's claims, even when viewed in the light most favorable to plaintiff, "must fail as a matter of law."  *Id.*

### 2. Johnson's Application Was Incomplete.

*Taylor* is also instructive as to a second failure in Johnson's complaint.  Like the plaintiff in *Taylor*, Johnson has not sufficiently alleged that Quicken Loans received a "completed application." *See id.*; *cf.* 12 C.F.R. § 202.9(a).  Although Johnson attempts to confuse the issue by alleging that *he* completed the application, (Compl. ¶ 5,) that does not suffice to meet the regulatory definition of "completed application," codified at 12 C.F.R. § 202.2(f). *See High v. McLean Fin. Corp.*, 659 F. Supp. 1561, 1564 (D.D.C. 1987) ("Thus, the regulations make clear that an application is considered 'complete' not when the applicant completes it – as plaintiff would have it – but when the creditor has obtained verifying information and whatever other types of reports or information it ordinarily requires to evaluate a loan.").  Thus, Johnson's conclusory allegation that he completed the application fails to comply with the pleading requirements of *Twombly* and *Iqbal* because Johnson has offered no factual allegations to

because it was incorporated into the complaint (¶ 7), Quicken Loans did not have an available product or program to meet Johnson's needs.  Thus, Quicken Loans did not take adverse action and did not have to provide Johnson with specific notifications of the reasons for its denial.

The court's analysis in *Taylor v. Nelson*, No. 02-6558, 2006 WL 266052 (E.D. Pa. Jan. 31, 2006), is instructive.  There, as here, the defendant "did not offer" the type of credit requested by the plaintiff.  *Id.* at *6-7.  Because of this fact, the Eastern District of Pennsylvania held that the ECOA notification claim "must fail as a matter of law." *Id.* at *7.  The result should be the same here.  The complaint affirmatively alleges that Quicken Loans denied Johnson's application because it had no program available; therefore, Quicken Loans necessarily did not take adverse action.  12 C.F.R. § 202.2(c)(2)(v).  Johnson's claims, even when viewed in the light most favorable to plaintiff, "must fail as a matter of law."  *Id.*

### 2. Johnson's Application Was Incomplete.

*Taylor* is also instructive as to a second failure in Johnson's complaint.  Like the plaintiff in *Taylor*, Johnson has not sufficiently alleged that Quicken Loans received a "completed application." *See id.*; *cf.* 12 C.F.R. § 202.9(a).  Although Johnson attempts to confuse the issue by alleging that *he* completed the application, (Compl. ¶ 5,) that does not suffice to meet the regulatory definition of "completed application," codified at 12 C.F.R. § 202.2(f). *See High v. McLean Fin. Corp.*, 659 F. Supp. 1561, 1564 (D.D.C. 1987) ("Thus, the regulations make clear that an application is considered 'complete' not when the applicant completes it – as plaintiff would have it – but when the creditor has obtained verifying information and whatever other types of reports or information it ordinarily requires to evaluate a loan.").  Thus, Johnson's conclusory allegation that he completed the application fails to comply with the pleading requirements of *Twombly* and *Iqbal* because Johnson has offered no factual allegations to

support the legal conclusion that the application was completed within the meaning of the governing regulations.

This Court and several others have recognized that a completed application is a prerequisite to any ECOA notification claim. *Jefferson v. Briner Inc.*, No. 05-652, 2006 WL 1720692, at *5-7 (E.D. Va. June 21, 2006); *see also, e.g.*, *Harara v. ConocoPhillips Co.*, 377 F. Supp. 2d 779, 793 (N.D. Cal. 2005); *Riggs Nat'l Bank of Wash., D.C. v. Webster*, 832 F. Supp. 147, 150 (D. Md. 1993). In the absence of facts alleging or providing the context to conclude that the application was completed, courts have routinely dismissed ECOA notification claims. *See generally* William H. Danne, Jr., *Notification of Adverse Action on, Incompleteness of, or Counteroffer to, Credit Application Under Equal Credit Opportunity Act*, 34 A.L.R. Fed. 2d 311 § 49 (2009 & Supp. 2010). Because a completed application is necessary to state an ECOA notification claim, Johnson's failure to allege any specifics regarding the content of his application is fatal. Even viewed in the light most favorable to Johnson, the complaint should be dismissed.

Moreover, this Court can take judicial notice of Quicken Loans's records of Johnson's application, which are "integral to" Johnson's complaint and not subject to dispute. *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).[4] Those records, attached as Exhibit 1, establish that Quicken Loans did not have Johnson's date of birth, social security number, or an appraisal of his property (*see* Ex. 1 at 4, 8), much less "*all the information* that the creditor regularly obtains and considers in evaluating applications for the amount and type of credit requested." 12 C.F.R. § 202.2(f); *cf. id.* (listing credit reports, obtainable with a social security

---

[4] Quicken Loans supplied these records in response to a subpoena from Johnson's counsel issued in *Johnson v. Experian Info. Solutions, Inc.*, No. 10-246 (E.D. Va.). *See* Exhibit 2 (subpoena duces tecum). Johnson used the information he obtained from Quicken via a third-party subpoena in an unrelated action to file the instant complaint against Quicken.

number, and appraisal reports as examples of information necessary to complete an application). Thus, these records conclusively demonstrate that Johnson's application was incomplete. Because Johnson's application was incomplete, the ECOA's notification requirement was not triggered and Johnson's claim must be dismissed.[5]

### C.     Johnson Has Not Elected His Remedies.

Virginia Code § 6.2-512 mandates an "election of remedies" prior to "bring[ing] a legal action." *Id.* (title of section). The statute is clear: "Where the same act or omission constitutes a violation of this chapter and of applicable federal law, a person aggrieved by such conduct may bring a legal action to recover monetary damages either under this chapter or under federal law, *but not both*." *Id.* (emphasis added). Johnson has not done so. Thus, Johnson has once again failed to comply with the statutory prerequisites for his claims. Dismissal is appropriate even when the facts are viewed in the light most favorable to Johnson.

### CONCLUSION

This Court should grant Quicken Loans's Motion to Dismiss Johnson's Complaint with prejudice because the ECOA does not apply to Quicken Loans's non-harmful, non-discriminatory, and non-adverse actions taken on Johnson's incomplete application. Dismissal is particularly appropriate because Johnson has not complied with his statutory duty to make an election of remedies.

---

[5] To the extent that Johnson may argue that Quicken Loans's rejection of his application demonstrated that he completed the application by reference to the Official Staff Interpretations of the ECOA's implementing regulations, that argument fails because the interpretations only specify when "an inquiry or prequalification request becomes an application," not when an application becomes a *completed* application. 12 C.F.R. Part 202, Supp. I, ¶ 2(f)(3). Likewise, any argument that Quicken Loans had a duty to notify Johnson of the incomplete status of his application is foreclosed by the same Staff Interpretations. 12 C.F.R. Part 202, Supp. I, ¶ 9(c)(1).

Dated: November 5, 2010

Respectfully submitted,

 /s/ Joseph W. Clark
Joseph W. Clark (Va. Bar No. 42664)

JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001
Telephone:  (202) 879-3939
Facsimile:   (202) 626-1700
jwclark@jonesday.com

*Counsel for Defendant Quicken Loans, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2010, I filed the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT QUICKEN LOANS, INC.'S MOTION TO DISMISS with the Clerk of Court using the CM/ECF System, which will send notice to opposing counsel. In addition, a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT QUICKEN LOANS, INC.'S MOTION TO DISMISS has been served by electronic mail and by UPS next day mail upon:

**Leonard A. Bennett**
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard
Suite 201
Newport News, VA 23606
757-930-3660
lenbennett@clalegal.com

*Attorney for Plaintiff William Johnson*

　　　　　　　　　　　　　　　　　　　　　　　/s/     Joseph W. Clark